ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ ANTONIO REYES ARCE, FRANCISCA DÍAZ ORTIZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>DEMANDANTES APELANTES<br><br>V.<br><br>JOSÉ M. DÍAZ MARRERO, COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO<br><br>DEMANDADOS APELADOS | KLAN202400459 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Arecibo<br><br>Caso Núm. CI2019CV00035<br><br>Sobre:<br><br>ACCIÓN CONFESORA O DENEGATORIA DE SERVIDUMBRE |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

Comparece ante nos, José Antonio Reyes Arce; Francisca Díaz Ortiz y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "la parte apelante"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 6 de febrero de 2024 y notificada el 20 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante la referida determinación, dicho tribunal declaró *No Ha Lugar* la *"Demanda Enmendada,"* presentada por la parte apelante y *Ha Lugar* la *"Reconvención"* presentada por el señor José M. Díaz Marrero y la señora Lisandra Álvarez Chimelis (en lo sucesivo, "el señor Díaz y la señora Álvarez").

Por los fundamentos que expondremos a continuación, *confirmamos* la "*Sentencia*" recurrida.

**I.**

El 12 de febrero de 2019, la parte apelante presentó la *"Demanda de Interdicto Posesorio"* de epígrafe. Mediante sus alegaciones relató que

es dueña de un bien inmueble sito en el Municipio de Ciales. A su vez, expresó, que el referido bien fue propiedad de los causantes José Reyes Castillo y Simona Arce Rosario, quienes lo habían adquirido el 1 de marzo del año 1951. Acto seguido indicó que para el año 1968 los referidos causantes otorgaron junto a la Compañía de Fomento Industrial de Puerto Rico (en adelante, por sus siglas en inglés, "PRIDCO") un "*Contrato sobre Promesa de Constitución de Servidumbre.*" Argumentó, que como resultado del aludido convenio se acordó la constitución de una servidumbre de paso a favor de los antes nombrados causantes y sus sucesores. A tenor de ello, adujo que la referida servidumbre se estableció sobre un camino perteneciente a PRIDCO, el cual viabilizó su acceso a la vía pública.

Ante tales hechos, sostuvo que la referida franja había sido utilizada de forma exclusiva por sí y sus fenecidos antecesores. Particularizó que el tiempo total en que se había ejercido dicho uso oscilaba en unos cincuenta (50) años. Por otro lado, aseveró que su derecho de paso había sido perturbado por el señor Díaz. Sobre el particular, argumentó que el 4 de enero de 2019, el referido señor Díaz, derribó los postes y alambres que demarcaban la servidumbre de paso para hacer una nueva entrada a su propiedad comercial. Todo ello, sin su autorización y sin estar la propiedad del señor Díaz enclavada o sin salida a la vía pública.

Además, agregó que el señor Díaz tenía la intención de construir portones y accesos a través de la franja de terreno para transportar equipo de ferretería. Ante ello, según sostuvo, le requirió al señor Díaz que se abstuviera de interrumpir el uso pacífico que ejercía sobre la servidumbre en controversia. No obstante, alegó que sus esfuerzos fueron infructuosos. Por lo cual, tuvo que incoar la presente acción sobre interdicto posesorio y declaración de titularidad de un derecho real de servidumbre de paso. A dicha acción legal le agregó una reclamación en daños por la cantidad de $10,000, y una petición a los efectos de que el

foro de instancia emitiera una orden en aras de que el señor Díaz cese los aducidos actos de perturbación; restituya la servidumbre objeto de litigio a su estado original; y efectúe el pago de costas; gastos y honorarios de abogado.

En reacción, el 19 de marzo de 2019, el señor Díaz presentó "*Contestación a la Demanda de Interdicto Posesorio.*" En esencia, negó las alegaciones principales de la "*Demanda de Interdicto Posesorio.*" Alegó, que un "*Contrato sobre Promesa de Constitución de Servidumbre*" no constituye debidamente una servidumbre de paso. A su vez, adujo que el camino en controversia es de uso público y así consta inscrito en el Registro de la Propiedad. A tenor de ello, sostuvo que el referido camino fue cedido al Municipio de Ciales. Además, precisó que existen otros vecinos de la comunidad que se sirven de dicha franja de terreno, y que no ha intervenido indebidamente con el uso que le ha dado la parte apelante a la franja en cuestión.

En el mismo escrito, el señor Díaz instó una *"Reconvención.*" Expuso, que el camino en controversia fue segregado junto a otras cinco (5) fincas. Agregó, que el referido camino fue destinado al uso público para evitar que las aludidas fincas quedaran desprovistas de acceso a la vía pública. También argumentó, que dicho camino estaba siendo mantenido por el Municipio de Ciales, lo que le había convertido en un camino público de uso general. Ello, según lo constataba la "*Certificación*" expedida por el propio Municipio de Ciales. Además, sostuvo que la parte apelante había levantado una verja en los límites de una de las colindancias, la cual impedía el acceso a la vía pública. De otra parte, incluyó en su "*Reconvención*" al Municipio de Ciales por ser alegadamente el dueño del camino en disputa. Finalmente, peticionó que se declarara *No Ha Lugar* la *"Demanda de Interdicto Posesorio"* y *Ha Lugar* la "*Reconvención.*"

Posteriormente, el 10 de febrero de 2020, la parte apelante presentó "*Demanda Enmendada.*" Esto, a los fines de incluir a PRIDCO

en el pleito y así requerirle el cumplimiento del "*Contrato sobre Promesa de Constitución de Servidumbre.*" Así pues, sostuvo que se debía otorgar la escritura sobre constitución de servidumbre de paso conforme había sido pactado en el referido contrato.

El 15 de marzo de 2021, el señor Díaz y la señora Álvarez presentaron una "*Contestación a Demanda Enmendada y Reconvención.*" En síntesis, arguyeron que el camino en litigio no era propiedad de PRIDCO. Especificaron, que los predios de terreno por los que se extendía el camino fueron segregados de la finca que pertenecía a la sucesión de Ramón de Jesús Díaz e inscritos en el Registro de la Propiedad para uso público. Añadieron, que el referido camino estaba destinado desde el año 1983 a brindarle acceso a la vía pública a cinco (5) fincas aledañas. Esto, conforme el caso #78-37-B074-APL de la Administración de Reglamentos y Permisos de Puerto Rico (ARPE). Además, aseveraron que tres (3) de las aludidas fincas eran de su propiedad. De otra parte, sostuvieron que no habían limitado el derecho de la parte apelante a transitar por el camino en controversia, el cual a su vez es de naturaleza pública. Finalmente, argumentaron que el portón al cual hacía referencia la parte apelante se estaba construyendo fuera de los linderos de la aludida franja.[1]

En reacción, el 23 de junio de 2021, la parte apelante presentó una "*Contestación a Reconvención presentada por la parte Demandada.*" En esencia, aceptó la existencia de la segregación argumentada por el señor Díaz y la señora Álvarez. Además, admitió que existía una autorización de

---

[1] El 28 de mayo de 2021, mediante una "*Solicitud de Intervención*" compareció al litigio el señor Narciso Nazario De Jesús, (en adelante, "el señor Nazario"). Surge del referido escrito, que el señor Nazario realizó la petición de intervención por ser copropietario de una finca colindante con el camino en controversia. A la luz de ello, solicitó que se le ordenara a la parte apelante que le proveyera una llave con la que pudiera abrir el portón que se había instalado en el referido camino, para así poder acceder a su propiedad. Acto seguido, el 22 de junio de 2021, el señor Nazario presentó una "*Contestación a Demanda.*" En esencia, negó las alegaciones principales de la "*Demanda Enmendada.*" Sostuvo, que la aducida servidumbre de paso no fue debidamente constituida por ser el contrato en cuestión un "*Contrato sobre Promesa de Constitución de Servidumbre."* De igual modo, enfatizó la naturaleza pública del camino en litigio. En atención a ello, el 26 de agosto de 2021, el foro primario, notificó una "*Resolución*" mediante la cual autorizó la intervención del señor Nazario. Posteriormente, a la referida "*Solicitud de Intervención"* se unió la señora Alga Nazario quien también es copropietaria de la finca a la que se hace referencia en la aludida petición. Tal intervención fue aceptada por el foro sentenciador mediante la "*Minuta*" notificada el 3 de septiembre de 2021.

ARPE en la que se incluyó una condición para segregar terreno que sirviera de acceso a la vía pública para las cinco (5) fincas segregadas. No obstante, argumentó que lo que se destinó para uso público fueron dos (2) franjas de terreno distintas y separadas del camino en controversia. Precisó, que el referido camino discurre paralelamente a una de las aludidas franjas de uso público identificada en el plano de segregación con la letra (A). A la luz de lo anterior, reiteró, que el camino objeto de litigio pertenecía a PRIDCO. De otra parte, negó que haya construido alguna verja que obstruyera el acceso a la vía pública de las aludidas cinco (5) fincas. Sostuvo, que la verja existente fue construida por PRIDCO en el año 1968 y que solo le daba mantenimiento a esta.

Así las cosas, el 28 de enero de 2022, PRIDCO presentó una "*Contestación a Demanda Enmendada.*" En esencia, aceptó que otorgó junto a la parte apelante un "*Contrato sobre Promesa de Constitución de Servidumbre.*" Sin embargo, argumentó que mediante el referido contrato se constituyó la servidumbre de paso en controversia. Esto, toda vez, que las clausulas de dicho contrato le permitieron a la parte apelante entrar en posesión del camino en litigio. Por otro lado, sostuvo que es dueña del terreno objeto de servidumbre de paso, y que se había reservado el derecho de dar a terceras personas acceso a su propiedad a través del referido camino. Finalmente, entre sus defensas afirmativas alegó que la causa de acción estaba prescrita y que la parte apelante nunca solicitó que se inscribiera la servidumbre en disputa.

En el mes siguiente, el 25 de marzo de 2022, las partes y sus respectivas representaciones legales llevaron a cabo una inspección ocular del camino en disputa. Posteriormente, el 4 de marzo de 2022, el señor Díaz y la señora Álvarez presentaron una "*Demanda Contra Tercero.*" En lo atinente, incluyeron en el pleito al Municipio de Ciales por entender que dicho municipio es el ente administrador del camino que consideran de naturaleza pública. En respuesta, el 27 de octubre de 2022, el Municipio de Ciales presentó una "*Alegación Responsiva.*" En

síntesis, admitió que el camino en litigio era de uso público y que para esos mismos fines el municipio lo había registrado.

En el presente caso la vista en su fondo se celebró los días 14 y 15 de noviembre de 2023. Posterior a la celebración de la referida vista y a petición del foro sentenciador, el señor Díaz y la señora Álvarez; la parte apelante; y PRIDCO, presentaron memorandos de derecho. Luego de ello, el 20 de febrero de 2024, el tribunal de instancia notificó la "*Sentencia*" que nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Demanda Enmendada"* y *Ha Lugar* la *"Reconvención"* presentada por el señor Díaz y la señora Álvarez. En consecuencia, ordenó a la parte apelante a que removiera cualquier portón que haya instalado en el camino en controversia. Como parte del dictamen emitido, el foro sentenciador, esbozó las siguientes determinaciones de hechos:

**Determinaciones de Hechos**

1.  La parte demandante es dueña en pleno dominio de la propiedad inmueble que se describe a continuación:

    ---RUSTICA: Predio de terreno del caso C-2282-A, radicado en el Barrio Jaguas, del término municipal de Ciales, Puerto Rico, compuesta de 3.00 cuerdas de terreno, marcada con el #10. Inscrita FOLIO 25, TOMO 95 de Ciales, FINCA 5564. La parte demandante adquirió la propiedad antes descrita, en parte, a título de herencia de sus progenitores JOSE REYES CASTILO y SIMONA ARCE ROSARIO, y en parte, por compraventa de participaciones que poseían los demás herederos en el inmueble.

2.  La compañía PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, es dueña en pleno dominio de las propiedades inmuebles que se describen a continuación:

    (1)  RUSTICA: Parcela de terreno radicada al osete de la carretera estatal PR 149, en el Barrio Jaguas de Ciales, Puerto Rico, con una cabida de 12.3695 cuerdas. Inscrita al FOLIO 92, TOMO 121 de Ciales, FINCA 5774.

    (2)  RUSTICA: Parcela de terreno radicada en el Barrio Jaguas de Ciales, Puerto Rico, con una cabida superficial de 2,640.21MC. Inscrita FOLIO 123, TOMO 121 de Ciales, FINCA 5778.

3.  La compañía PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO y los progenitores del codemandante JOSE REYES ARCE; DON JOSE REYES CASTILLO Y SIMONA ARCE, suscribieron y acordaron el 4 de diciembre

de 1968, un contrato titulado "CONTRATO SOBRE PROMESA DE CONSTITUCION DE SERVIDUMBRE", mediante el cual, la compañía de FOMENTO INDUSTRIAL se comprometía para con JOSE REYES CASTILLO Y SIMONA ARCE a constituir una servidumbre de paso a favor de la propiedad de éstos últimos, mediante la cual, la propiedad inmueble perteneciendo a la compañía de FOMENTO se convertiría en predio sirviente y la propiedad de los esposos REYES ARCE se convertiría en predio dominante, entre otros términos.

4. La constitución de la servidumbre estaba subordinada a que las propiedades que habrían de constituirse en predio sirviente fueran registradas en el Registro de la Propiedad, sección correspondiente a favor de la compañía de FOMENTO INDUSTRIAL DE PUERTO RICO.

5. Las propiedades inmuebles fueron registradas o inscritas en el Registro de la Propiedad, Sección correspondiente a favor o a nombre de PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO, inscribió o registró a su favor las propiedades inmuebles que habrían de constituirse como predio sirviente respectivamente para los años 1973 y 1974.

6. La parte demandante, y sus progenitores, en vida; NO realizaron gestión alguna para ejecutar los derechos que habían adquirido a virtud del "CONTRATO SOBRE PROMESA DE CONSTITUCION DE SERVIDUMBRE", a pesar de haber transcurrido un término de tiempo que computado a partir del año 1968, fecha en la cual se otorga el contrato, hasta el año 2019, fecha en la cual se insta el presente caso, han transcurrido cincuenta y un (51) años, y si se computa desde la fecha de la inscripción de los inmuebles a favor de PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO (1974), han transcurrido cuarenta y cinco (45) años o más.

7. De la prueba desfilada por la parte demandante, tanto documental como testifical, y por la credibilidad que la misma nos merece, no surge evidencia para establecer que dicha parte realizó gestiones con PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO solicitando el cumplimiento específico del contrato durante dicho periodo de tiempo. Sobre ese particular, la parte demandante JOSE REYES ARCE, no pudo establecer de forma creíble, que se realizaran gestiones mediante las cuales, éste o sus progenitores, quienes fueron los que suscribieron el contrato de Promesa, solicitaran el cumplimiento específico del contrato. Más allá, de unas alegaciones generales donde alegadamente la madre de éste se comunicó con PRIDCO.

8. Del testimonio prestado por el testigo presentado por la codemandada PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, PRIDCO, SUCESORA EN DERECHO DE LA COMPAÑÍA DE FOMENTO DE PUERTO RICO, el Ing. Joel Meléndez Rodríguez, surge de forma clara e inequívoca, que del expediente obrante en la agencia **no** consta prueba o evidencia que tienda a establecer que se hayan realizado gestiones por la parte demandante, o por los antecesores en derecho de su propiedad, para requerir de PRIDCO el cumplimiento

especifico de la referida Promesa desde su constitución hasta la fecha de radicación del presente pleito.

9.  La parte demandada son dueños en pleno dominio de tres (3) predios o fincas independientes situadas en el Barrio Jaguas de Ciales, Puerto Rico, identificadas con los números uno (1) dos (2) y tres (3) en el plano de parcelación y constan inscritas en el Registro de la Propiedad, sección de Manatí, Puerto Rico, bajo los números de FINCA 9524, 9525 y 9526, respectivamente.

10.  Las referidas parcelas mencionadas en el inciso anterior se constituyeron en propiedades independientes, con identidad propia, a título de segregación de la finca identificada con el #5018, la cual consta inscrita al FOLIO 157, del TOMO 91 de Ciales, Puerto Rico.

11.  La lotificación de la finca a la que se hace referencia en el apartado anterior fue aprobada por la entonces administración de Reglamentos y Permisos, Oficina Regional de Arecibo, Puerto Rico, el 30 de marzo de 1983, mediante Resolución aprobando plano de inscripción dada en el caso 78-37-B-074-APL.

12.  En la mencionada Resolución aprobando el plano de inscripción se estableció por la Agencia gubernamental, la segregación de dos fajas de uso público, rotuladas con las letras A y B que constituyen áreas de 291.238mc, y 97.350mc, las cuales quedan destinadas única y exclusivamente para uso público. Dichas fajas de terreno transcurren paralelo al camino en controversia y en toda su extensión y obran inscritas como fincas apartes e independientes a la finca matriz en el Registro de la Propiedad, sección correspondiente.

13.  Las cinco (5) fincas apartes e independientes de la finca matriz que fueron segregadas a virtud de la aprobación impartida en el caso 78-37-B074-APL, desde un principio (1978), tienen como acceso único, el camino en controversia por no tener ningún otro acceso a vía pública y como cuestión de hecho, ha estado siendo utilizado tanto por los anteriores dueños, como por los dueños actuales (parte demandada y reconvencionista y parte interventora), sin que hubiese ocurrido impedimento alguno para su utilización hasta tiempos recientes.

14.  Los cinco (5) predios o lotes de terreno cuya segregación fueron autorizados por la Administración de Reglamentos y Permisos (ARPE), en el caso al que se ha hecho referencia en la determinación de hecho n. 13, fueron inscritos como fincas a partes e independientes y tienen como único acceso a la vía pública (carretera estatal PR 149) el camino en controversia, por no tener ningún otro acceso, mediante el cual, se puedan conectar a dicha vía pública, o a cualquiera otra y desde su constitución, han estado siendo utilizados tanto por la parte demandada y reconvencionista, así como por la parte interventora; esto, sin perjuicio a que la parte demandante y reconvencionada tenga acceso a s propiedad libremente a través del mencionado camino.

15.  Conforme consta de la certificación expedida por la Oficina de la Propiedad del Municipio Autónomo de Ciales, Puerto Rico, el día 23 de octubre de 2023, por la oficial de propiedad, SRA NORMA NARVAEZ COLON, el camino en cuestión obra registrado como camino público en dicha Instrumentalidad Gubernamental; certificación que obra en autos y se admitió en evidencia.

16. Asimismo, ha sido el MUNICIPIO AUTONOMO DE CIALES, PUERTO RICO quien está y ha estado dando mantenimiento al camino desde hace varios años.

17. Quedó establecido que las propiedades o fincas pertenecientes a la parte demandada y reconvencionista, así como la parte interventora, han estado utilizando dicha vía o camino para tener acceso a las mismas, ya que no existe ninguna otra vía o alternativa de comunicación que los conecte con una vía pública; por tanto, de negársele el acceso, se convertirían en fincas enclavadas.

En desacuerdo, el 6 de marzo de 2024, la parte apelante presentó de forma oportuna una "*Solicitud de Reconsideración; Determinaciones Adicionales de hecho y Conclusiones de Derecho.*" La referida solicitud fue declarada *No Ha Lugar* por el foro sentenciador mediante "*Resolución*" notificada el 21 de marzo de 2024. Aun en desacuerdo, el 8 de mayo de 2024, la parte apelante presentó ante nuestra consideración el recurso de epígrafe. Ello, dentro del término jurisdiccional de sesenta (60) días dispuesto en nuestro ordenamiento procesal civil para presentar reclamaciones en que sea parte el Estado y los municipios. En su recurso de apelación esbozó los siguientes señalamientos de error:

PRIMER SEÑALAMIENTO DE ERROR: COMETIÓ GRAVE ERROR EL TRIBUNAL DE INSTANCIA EN LA EVALUACIÓN Y ADJUDICACIÓN DE LA PRUEBA TESTIFICAL; VARIAS DE LAS DETERMINACIONES DE HECHO SON CONTRARIAS A LAS DECLARACIONES DE LOS TESTIGOS.

SEGUNDO SEÑALAMIENTO DE ERROR: COMETIÓ GRAVE ERROR EL TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA RECLAMACIÓN DE LOS APELANTES QUE BUSCABA QUE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO ("PRIDCO") SUSCRIBIERA LA ESCRITURA DE CONSTITUCIÓN DE SERVIDUMBRE A LA QUE SE OBLIGÓ.

TERCER SEÑALAMIENTO DE ERROR: COMETIÓ GRAVE ERROR EL TRIBUNAL DE INSTANCIA AL CONCLUIR QUE LA OBLIGACIÓN DE LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO ("PRIDCO") CON LOS APELANTES DE OTORGAR LA ESCRITURA DE CONSTITUCIÓN DE SERVIDUMBRE HABÍA PRESCRITO.

CUARTO SEÑALAMIENTO DE ERROR: COMETIÓ GRAVE ERROR EL TRIBUNAL DE INSTANCIA AL DECRETAR CON LUGAR LA RECONVENCIÓN DEL DEMANDADO Y CONCLUIR QUE EL PREDIO DE TERRENO RESERVADO POR LA COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO ("PRIDCO") PARA CONSTITUIR LA SERVIDUMBRE EN FAVOR DE LOS APELANTES EN UN CAMINO PÚBLICO.

El 6 de septiembre de 2024, la parte apelante presentó un "*Alegato Suplementario.*" Ante ello, el 10 de septiembre de 2024, emitimos una

"*Resolución"* mediante la cual le concedimos a las partes apeladas hasta el 7 de octubre de 2024 para presentar sus alegatos en oposición. En cumplimiento con lo ordenado, el 30 de septiembre de 2024, el señor Díaz, la señora Álvarez y el señor y la señora Nazario (en adelante, en conjunto, "los apelados") presentaron su alegato en oposición. De igual modo, el 7 de octubre de 2024, PRIDCO presentó una "*Oposición a Escrito de Apelación.*" Por su parte, el Municipio de Ciales no expresó dentro del término concedido su posición respecto a la "*Apelación*" y "*Alegato Suplementario,*" presentados por la parte apelante. Habiendo transcurrido el término concedido para expresarse con relación a los recursos de la parte apelante, procedemos a disponer del caso de epígrafe sin el beneficio de la comparecencia del Municipio de Ciales.

**II.**

**A.      Marco Doctrinal de las Obligaciones y Contratos:**

Las obligaciones consisten en dar, hacer o no hacer alguna cosa. 31 LPRA sec. 2991.[2] Según estable nuestro ordenamiento civil, las obligaciones "nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia." 31 LPRA sec. 2992; *Cruz Cruz y otra v. Casa Bella Corp. y otros*, 2024 TSPR 47. Las obligaciones contractuales se caracterizan por tener fuerza de ley entre las partes contratantes. 31 LPRA sec. 2994; *Unión Independiente Auténtica v. Santander Securities LLC y otros*, 2024 TSPR 81.  Para que un contrato se perfeccione debe cumplir con los requisitos de consentimiento de los contratantes; contener un objeto que sea cierto; y la obligación debe tener una causa. 31 LPRA sec. 3391; *Cruz Cruz y otra v. Casa Bella Corp y otros.* supra. A su vez, existen contratos que deben cumplir con otras solemnidades, tales como los que tienen por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles, los cuales deben constar en un documento público. 31 LPRA sec. 3453.

---

[2] Hacemos referencia al derogado Código Civil de 1930, toda vez que era la ley general vigente al momento de ocurrir los hechos ante nuestra consideración.

Como norma general las obligaciones son exigibles inmediatamente. *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 772 (2001). Ahora bien, existen obligaciones que no son exigibles en la inmediatez, dado que dependen de un suceso futuro o incierto, o de un suceso pasado, que los interesados ignoren. 31 LPRA sec. 3041. Este tipo de obligaciones se conocen como las obligaciones condicionales. En esta clase de obligaciones la adquisición o resolución de derechos dependerá del acontecimiento que constituya la condición. 31 LPRA sec. 3042. El elemento característico de las obligaciones condicionales "es la incertidumbre de si el vínculo jurídico adquirirá eficacia o la perderá. *Jarra Corp. v. Axxis Corp.*, supra, pág. 773. En lo que aquí concierne, dentro de las referidas obligaciones condicionales se encuentran las que están sujetas a una condición suspensiva. Véase, *López v. González*, 163 DPR 275, 282 (2004). En las obligaciones bajo una condición suspensiva la eficacia del negocio jurídico dependerá de que se cumpla con la condición establecida, en su defecto las partes quedaran liberadas de la obligación pactada. *Jarra Corp. v. Axxis Corp.*, supra, pág. 773.

**B.    Prescripción Extintiva:**

En nuestro ordenamiento jurídico la prescripción puede ser de naturaleza adquisitiva o extintiva. La prescripción adquisitiva le otorga a una persona el derecho de adquirir el dominio de una cosa y demás derechos reales. 31 LPRA sec. 5241. Por su parte, la prescripción extintiva tiene el efecto de extinguir los derechos y las acciones, de cualquier clase que sean. *Íd.* En lo aquí pertinente, "las acciones prescriben por el mero lapso del tiempo fijado por ley" y en perjuicio de toda clase de personas. Véase, 31 LPRA sec. 5243 y sec. 5291; y *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 356 (2022). Siendo así, la prescripción extintiva les exige a las personas ejercer sus reclamaciones en determinado tiempo. *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335, 355 (2023). Su propósito se ciñe a que las acciones se insten diligente y oportunamente para que las relaciones y

el tráfico jurídico puedan tener estabilidad y certeza. *Íd.* De igual modo, la referida doctrina parte de la concepción de que una persona no debe quedar sujeta a una contingencia de forma indefinida, dado que de ser así pudiera caer en una situación de indefensión ante la perdida de evidencia a su favor. *Íd.*

En los casos de las reclamaciones que no se le haya señalado un término especial de prescripción, su término prescriptivo será de quince (15) años. 31 LPRA sec. 5294. Este término prescriptivo y los demás términos de prescripción dispuestos en nuestro ordenamiento jurídico podrán ser interrumpidos conforme a unas numeradas instancias, tales como la interrupción por la vía judicial; las reclamaciones extrajudiciales del acreedor; y por el reconocimiento de la deuda por el deudor. 31 LPRA sec. 5303; *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10. La no interrupción del término prescriptivo aplicable dentro del plazo concedido por ley tendrá como consecuencia la extinción del derecho del acreedor a entablar su reclamo, quedando exonerada la persona que estaba sujeta a responder. Véase, *Acevedo y otros v. Depto. Hacienda y otros,* supra, pág. 355.

**C.    Servidumbre de Paso:**

Nuestro ordenamiento civil define a las servidumbres como "un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño. El inmueble a cuyo favor está constituida la servidumbre se llama predio dominante; el que la sufre, predio sirviente." 31 LPRA sec. 1631. Las servidumbres se pueden clasificar en continuas o discontinuas y aparentes o no aparentes. 31 LPRA sec. 1634. Las servidumbres continuas tienen la característica de que su uso es incesante sin la intervención de alguna persona. *Íd.* En el caso de las servidumbres discontinuas, su uso puede ejercerse a intervalos más o menos largos y dependen de la actividad de una persona. *Íd.* Por su parte, las servidumbres aparentes se caracterizan por estar continuamente a la vista por signos exteriores que revelan el uso y aprovechamiento de esta

clase de servidumbres. *Íd.* Finalmente, las servidumbres no aparentes se reconocen por no presentar algún indicio exterior de su existencia. *Íd.*

En lo que aquí nos concierne, las servidumbres que son de naturaleza continua no aparente y las servidumbres que son discontinuas, sean o no aparentes, solo podrán adquirirse en virtud de un título. 31 LPRA sec. 1653. Las servidumbres de paso se encuentran dentro de este tipo servidumbres que, como norma general, solo pueden adquirirse por título, dado que, su aprovechamiento depende del acto de una persona. *Soc. de Gananciales v. Mun. Aguada*, 144 DPR 114, 124 (1997). De otra parte, es preciso destacar que "las servidumbres no se presumen, sino que hay que probar su constitución, y que el serio gravamen que constituye una servidumbre de paso sobre el predio sirviente no puede imponerse livianamente." *Íd*, pág. 125.

## D.     Bienes de Dominio y Uso Público:

Surge de nuestro derogado Código Civil de 1930, que "la palabra bienes es aplicable en general a cualquier cosa que puede constituir riqueza o fortuna." 31 LPRA sec. 1021. "Esta palabra hace relación al mismo tiempo a la palabra cosas que constituye el segundo objeto de la jurisprudencia, según la cual sus principios y reglas se refiere a las personas, a las cosas y a las acciones." *Íd*. Los bienes pueden clasificarse en comunes o públicos y pueden ser propiedad de corporaciones o individuos. 31 LPRA sec. 1022. Los bienes cuyo uso y disfrute pertenece a todas las personas no pueden ser susceptibles de apropiación individual. 31 LPRA sec. 1082. Existen también los bienes o las cosas que por su naturaleza pueden ser adquiridos para propiedad individual, pero pierden el dominio que una persona particular ejerce sobre ellas cuando se destinan para fines públicos. *Íd.* En estos casos, el bien o la cosa afectada al dominio público puede retornar a su anterior dominio individual cuando cese el fin público que se le haya conferido. *Íd*.

A tenor con lo expuesto, nuestro ordenamiento jurídico contempla y clasifica bienes que pueden ser susceptibles de dominio y uso público.

"Son bienes de dominio público, los destinados al uso público, como los caminos, canales, ríos, torrentes, y otros análogos." 31 LPRA sec. 1024. Por su parte, son bienes de uso público "los caminos estaduales y los vecinales, las plazas, calles, fuentes y aguas públicas, los paseos y las obras públicas de servicio general, costeadas por los mismos pueblos o con fondos del tesoro de Puerto Rico." 31 LPRA sec. 1025. Cónsono con lo anterior, nuestro mas Alto Foro ha expresado que la característica distintiva de que un bien sea público no depende de que su propiedad sea o no estatal y tampoco depende de la naturaleza geológica o física del bien, lo determinante es la finalidad del referido bien, es decir, la afectación de este al uso público general. *Watchtower Bible et al. v. Mun. Dorado I,* 192 DPR 73, 89 (2014), citando a Manresa y Navarro, op. cit., págs. 93 y 96-97; Vélez Torres, Curso de Derecho Civil, Madrid, Ed. Offirgraf, 1983, T. II, págs. 40-41.

**E.     Apreciación de la prueba:**

En nuestro ordenamiento jurídico impera una norma general de deferencia a la apreciación de la prueba y las determinaciones de hechos que realiza el Tribunal de Primera Instancia. *Pueblo v. Negrón Ramírez*, 2024 TSPR 41 (2024). Por consiguiente, nos corresponde brindarle deferencia a dicho foro salvo que exista un error manifiesto o que el tribunal sentenciador haya actuado movido por prejuicio, parcialidad o pasión. *Peña Rivera v. Pacheco Caraballo*, 2024 TSPR 48 (2024); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 987 (2010). Mediante esta norma de deferencia, se impone respeto a la evaluación que hace el tribunal de instancia al aquilatar la credibilidad de un testigo pues es dicho foro quien está en mejor posición para hacerlo. *Íd.* Los foros apelativos sólo tenemos ante nos expedientes "mudos e inexpresivos". *Íd.* Es el foro primario quien tiene la oportunidad de escuchar a los testigos mientras declaran y así puede apreciar su "demeanor". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778-779 (2022); *Colón v. Lotería*, 167 DPR 625, 659 (2006). Por lo cual,

dicho foro es quien debe adjudicar los conflictos de prueba. *S. L. G. Rivera Carrasquillo v. A.A.A.,* 177 DPR 345, 356 (2009).

Ahora bien, esta norma no es absoluta pues procederá nuestra intervención con dicha valoración si una evaluación de la totalidad de la prueba testifical nos provoca tal insatisfacción o intranquilidad de conciencia que perturbe nuestro sentido básico de justicia. *S. L. G. Rivera Carrasquillo v. A.A.A.,* supra, pág. 356. La parte apelante que interese su revocación es quien tiene que señalar y demostrar el fundamento para ello. *Íd.* Quien cuestione la determinación de hechos realizada es quien debe señalar el error manifiesto o fundamentar que existió pasión, prejuicio o parcialidad. *Íd.* Igualmente, intervendremos si la apreciación de la prueba realizada por el foro primario no concuerda con la realidad fáctica o "es inherentemente imposible o increíble". *Pueblo v. Irizarry,* 156 DPR 780, 789 (2002).

Será también meritoria nuestra intervención en casos en los que la apreciación de la prueba del foro primario no represente "el balance más racional, justiciero y jurídico de la totalidad de la prueba". *Santiago Ortiz v. Real Legacy et al.,* 206 DPR 194, 219 (2021). *Miranda Cruz y otros v. S.L.G. Ritch,* 176 DPR 951, 974 (2009). El tribunal de primera instancia se excederá en el ejercicio de su discreción si, al apreciar la prueba, infundadamente le asigna gran valor a un hecho irrelevante e inmaterial, y basa su determinación exclusivamente en éste; o si injustificadamente pasa por alto un hecho material significativo que no debió ignorar; o si, aun considerando todos los hechos materiales y descartando todos los irrelevantes, los sopesa y calibra de forma liviana. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 210-211 (2023); *García v. Asociación,* 165 DPR 311, 321-322 (2005).

**III.**

En su comparecencia, la parte apelante aduce que la "*Sentencia*" dictaminada contiene determinaciones de hecho contrarias a la evidencia admitida. A su vez, sostiene que una vez cumplida la condición

suspensiva sobre la inscripción en el Registro de la Propiedad de las fincas pertenecientes a PRIDCO, la referida corporación tenía el deber de notificarle el hecho de la inscripción. Siendo así, asevera que al no haberse realizado tal notificación el término prescriptivo de quince (15) años para solicitar el cumplimiento del "*Contrato sobre Promesa de Constitución de Servidumbre*" nunca comenzó a decursar. Además, alega que el referido contrato era uno de adhesión por lo cual sus clausulas debían interpretarse de la forma más favorable a su parte. Finalmente, arguye que es errada la determinación emitida por el foro recurrido mediante la cual se expone que el camino en disputa es de naturaleza pública. Ello, dado que no existe una escritura pública que conceda la titularidad del referido camino al Estado Libre Asociado de Puerto Rico o en su defecto tampoco existe alguna acción de expropiación forzosa a través de la cual el Estado obtuviera la titularidad de dicho camino.

Por su parte, el señor Díaz, la señora Álvarez y el señor y la señora Nazario alegan que nunca se estableció una servidumbre de paso a favor de la parte apelante, dado que la obligación contractual existente entre PRIDCO y la parte apelante se limitó a ser una de promesa de constitución de servidumbre. A su vez, sostienen que contrario a lo aducido por la parte apelante su causa de acción está prescrita, puesto que nunca le requirió a PRIDCO que otorgara la escritura de constitución de servidumbre. Por otro lado, aseveran que el camino en cuestión es de uso público, toda vez que entre la prueba admitida por el foro sentenciador se encuentra una determinación administrativa y una certificación municipal que fundamentan el referido uso público.

De forma similar, PRIDCO argumenta que la parte apelante no le requirió el otorgamiento de la escritura de constitución de servidumbre hasta transcurridos cuarenta y cinco (45) años de haberse inscrito sus fincas en el Registro de la Propiedad, lo cual demuestra displicencia de la parte apelante. Cónsono con lo anterior, arguye que tal demora ocasionó que la reclamación de la parte apelante prescribiera. Finalmente, alega

que la determinación de ARPE, mediante la cual se designa el camino en controversia como uno de uso público, merece deferencia de los tribunales.

Tras un análisis minucioso de la totalidad del contenido del expediente, así como de la transcripción de la vista en su fondo, determinamos *confirmar* el dictamen recurrido. Veamos.

En el primer señalamiento de error, la parte apelante aduce que el foro recurrido incidió al evaluar la prueba testifical desfilada. A su vez, argumenta que varias determinaciones de hecho son contrarias a las declaraciones de los testigos. Conforme esbozado, esta Curia le debe conceder deferencia a la apreciación de la prueba y a las determinaciones de hecho que realiza el tribunal de instancia, dado que, es el foro que está en mejor posición para evaluar la credibilidad de los testigos. Así pues, al ejercer una evaluación de la totalidad de la transcripción del juicio, concluimos que no se desprenden elementos que perturben el sentido de la justicia. Por lo cual, debemos abstenernos de intervenir con la valoración realizada por el foro sentenciador. De igual modo, la parte apelante, conforme a la carga probatoria que le corresponde para impugnar las determinaciones realizadas por el foro sentenciador, no logró demostrar la existencia de pasión, prejuicio o parcialidad por parte del referido foro. Además, las determinaciones de hechos esbozadas por el tribunal recurrido están apoyadas por la prueba documental y testifical admitida. Por consiguiente, el primer señalamiento de error no fue cometido.

En su segundo y tercer error, la parte apelante señala que incidió el foro sentenciador al declarar *No Ha Lugar* su petición de que PRIDCO suscribiera la escritura de constitución de servidumbre y al concluir que la reclamación incoada había prescrito.

Ciertamente en el año 1968 existió una relación contractual entre PRIDCO y los padres del apelante José Antonio Reyes Arce ("señor Reyes"). Sin embargo, tanto en su título como en su contenido, el aludido

contrato se limitó a ser uno de promesa de constitución de servidumbre y no uno de constitución de servidumbre. Específicamente, la existencia de la servidumbre de paso se sujetó a la ocurrencia de un hecho futuro e incierto. A esos efectos, las partes estipularon la siguiente condición suspensiva: "La compañía se compromete y obliga a otorgar tan pronto fuere requerido para ello, la escritura constitutiva del [ininteligible] de servidumbre anteriormente mencionado, tan pronto se haya inscrito su propiedad en el Registro de la Propiedad correspondiente."[3]

De la referida estipulación se desprende que el otorgamiento de la escritura de constitución de servidumbre de paso dependía de los siguientes dos (2) eventos: a) que las fincas de PRIDCO lograran su inscripción en el Registro de la Propiedad; y b) que los padres del señor Reyes o sus sucesores en título (en este caso la parte apelante) le requirieran a PRIDCO que se otorgara la escritura de constitución de servidumbre de paso. A pesar de ello, la parte apelante sostiene que PRIDCO tenía el deber de notificarle de la inscripción de sus fincas, para así proceder al otorgamiento de la escritura de servidumbre de paso. No le asiste la razón. Del contrato privado suscrito en el año 1968 no se desprende que PRIDCO tuviera algún deber expreso de notificar a la parte apelante o sus antecesores sobre el hecho de la inscripción. Además, en nuestro ordenamiento jurídico existe el principio de publicidad registral mediante el cual se entiende que todas las personas deben conocer la realidad del Registro de la Propiedad por estar sus datos disponibles a la comunidad en general. Véase, *SLG Pérez Rivera v. Registradora*, 189 DPR 729, 736-737 (2013); *Santiago v. E.L.A.*, 163 DPR 149, 164 (2004). Por lo cual, la parte apelante debía conocer que las propiedades de PRIDCO se habían inscrito en los años 1972 y 1974. Independientemente de ello, se desprende del testimonio del señor Reyes que éste conocía la existencia del aludido contrato privado, y aun así no realizó gestión alguna para requerirle a PRIDCO el otorgamiento de la

---

[3] Véase, la cláusula tercera de las "*Clausulas y Condiciones*" del "*Contrato sobre Promesa de Constitución de Servidumbre*," pág. 12-14 del "*Índice del Apéndice*" de la parte apelante.

escritura de constitución de servidumbre.[4] De igual modo, surge de la prueba testifical que los padres del señor Reyes tampoco realizaron tal requerimiento, más allá de una alegada llamada de la que se desconoce la fecha en que fue efectuada.[5]

Cabe destacar, que al no pactarse alguna condición de que PRIDCO debía notificar la inscripción de sus propiedades, el periodo prescriptivo atinente a este tipo de reclamaciones comenzó a decursar. Siendo así, la parte apelante tenía un término de quince (15) años para exigirle a PRIDCO el cumplimiento de lo pactado en el "*Contrato sobre Promesa de Constitución de Servidumbre.*" Según surge de la prueba desfilada, la parte apelante ni sus antecesores realizaron algún acto concreto que evidenciara eficazmente la interrupción del aludido término de prescripción. Mas aun, la inacción de la parte apelante en el ejercicio de sus derechos refleja una conducta opuesta al deber de diligencia que exige nuestra normativa sobre términos prescriptivos. Máxime, cuando la presente causa de acción fue instada en el año 2019. Es decir, luego de transcurrir más de cincuenta (50) años de haberse suscrito el "*Contrato sobre Promesa de Constitución de Servidumbre,*" y cuarenta y cinco (45) años de haberse inscrito la última propiedad de PRIDCO. Nótese que las servidumbres de paso constituyen un gravamen, por lo cual no se presumen ni se pueden imponer livianamente. En virtud de lo expuesto, el segundo y el tercer error no fueron cometidos.

Por último, la parte apelante señala que incidió el foro sentenciador al concluir que el camino en controversia es de uso público. De entrada, es preciso destacar que tal determinación del foro recurrido está debidamente sustentada por la prueba documental desfilada. Entiéndase, la aprobación que hizo ARPE del "*Plano de Inscripción*" para la segregación de las cinco (5) fincas aledañas a la propiedad de la parte apelante en el caso 78-37-B074-APL, y la "*Certificación*" expedida por la

---

[4] Véase, la Transcripción de la Vista en su Fondo del día 14 de noviembre de 2023, Testimonio del señor Reyes, págs. 161, 166 y 167.
[5] Véase, la Transcripción de la Vista en su Fondo del día 14 de noviembre de 2023, Testimonio de la señora Carmen Reyes Arce, pág. 183-184.

encargada de la propiedad del Municipio de Ciales. Además, la parte apelante no logró rebatir la legitimidad de la referida prueba documental. A su vez, surge de la transcripción de la vista en su fondo que el camino en cuestión es mantenido por el Municipio de Ciales.[6]

De otra parte, independientemente que el camino objeto de litigio sea un bien privativo de PRIDCO o se haya destinado al uso público, esto no incide en el derecho de los apelados de utilizar el referido camino para acceder a la vía pública. La razón de ello estriba en que PRIDCO en el "*Contrato sobre Promesa de Constitución de Servidumbre*" se reservó el derecho de utilizar la franja de terreno en disputa para dar acceso a camino público a su propiedad. Además, PRIDCO no presentó objeción alguna al hecho de que el resto de los apelados usara el camino en cuestión para tener acceso a la vía pública. Incluso, manifestó su consentimiento para que se removiera la verja que había instalado en el lado colindante a las fincas pertenecientes al resto de los apelados.[7] Por lo cual, tampoco le asiste la razón a la parte apelante en el cuarto señalamiento de error.

Finalmente, es preciso destacar que el hecho de que los apelados tengan acceso a la vía pública a través del camino en litigio no afecta el derecho de la parte apelante de también transitar por el referido camino.

**IV.**

Por los fundamentos expuestos, *confirmamos* la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

<br>

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase, la Transcripción de la Vista en su Fondo del día 15 de noviembre de 2023, Testimonio de la señora Norma Iris Narváez, pág. 36.

[7] Véase, "*Moción en Cumplimiento de Orden y Sometiendo Documentos*" del 4 de abril de 2022, presentada por PRIDCO como entrada número 134 del Sistema Unificado de manejo y Administración de Casos (SUMAC).